IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHARESE V. GOODSON on behalf of ANTONIO DEWAYNE GOODSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV 315-051 ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, represented by counsel, filed the above-captioned social security appeal on June 15, 2015, and was granted permission to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2, 3.) Subsequently, it came to the Court's attention that a summons was issued for Defendant, but summons were not issued for the civil process clerk at the office of United States Attorney for the Southern District of Georgia or for Loretta E. Lynch, the Attorney General of the United States, as is required to properly effect service under Federal Rule of Civil Procedure 4(i). (Doc. no. 4.) The Court issued an Order on October 13, 2015, directing Plaintiff's counsel to inform the Court within seven days of any problems which she may have encountered in attempting to secure summons. (Doc. no. 5.) The Court also reminded Plaintiff that the Federal Rules of Civil Procedure allow for 120 days from the filing of the complaint to effect service of process. (Id. at 2 (citing Fed. R. Civ. P. 4(m)).

Plaintiff did not respond to the Court's October 13th Order, and the time allotted for service under Rule 4(m) has now expired.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice" . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c).

Furthermore, the record does not reflect Plaintiff effected service of process within the 120 days allotted by Fed. R. Civ. P. 4(m). Rule 4(m) empowers courts to extend the time for service for good cause shown or, in the absence of good cause, when "other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); see also Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). Circumstances that may justify an extension include evasion of

service by a defendant or preclusion of a refiled action due to the statute of limitations. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)).

Here, Plaintiff's failure to respond to the Court's October 13th Order amounts not only to a failure to prosecute, but also an abandonment of this case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, the Court finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP.

Likewise, the Court concludes Plaintiff failed to timely effect service of process. There is no indication in the record of evasion of service. To the contrary, it does not appear as though Plaintiff's counsel ever obtained the appropriate summons for the civil process clerk at the office of United States Attorney for the Southern District of Georgia or for the Attorney General of the United States. The Court raised the summons issue *sua sponte* with Plaintiff, but was ignored. Thus, for all of these reasons, the case should be dismissed without prejudice.

While the Court is recommending dismissal without prejudice,[1] Plaintiff should consider that the practical effect of dismissal may be with prejudice. This is because a claimant must commence a civil action seeking review of a final decision of the Acting Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This sixty-day deadline, however, "is not jurisdictional, but is a statute of

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

limitations which is waivable by the parties and subject to the doctrine of equitable tolling." Scott v. Colvin, Civ. A. No. 13-0106, 2013 WL 2452313, at *2 n.2 (S.D. Ala. June 5, 2013) (citing Bowen v. City of New York, 476 U.S. 467, 478-80 (1986)). Nevertheless, the law is clear that the mere fact a complaint is dismissed without prejudice does not permit a plaintiff to later file a complaint outside the statute of limitations. Christides v. Comm'r of Soc. Sec., 478 F. App'x 581, 584 (11th Cir. 2012) (citing Bost v. Federal Express Corp., 372 F. 3d 1233, 1242 (11th Cir. 2004)).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA